# EXHIBIT A

| AOC-E-105    Sum Code: CI |  | Case #: **20-CI-00055** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **OHIO** |
| Court of Justice    Courts.ky.gov | **CIVIL SUMMONS** | |
| CR 4.02; Cr Official Form 1 | | |

Plantiff, COBLE, APRIL VS. PRUDENTIAL INSURANCE AGENCY, LLC, Defendant

TO:  CT CORPORATION SYSTEM
     306 W. MAIN ST
     SUITE 512
     FRANKFORT, KY 40601

Memo: Related party is PRUDENTIAL INSURANCE AGENCY, LLC

The Commonwealth of Kentucky to Defendant:
PRUDENTIAL INSURANCE AGENCY, LLC

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Sharron Kirtley*
Ohio Circuit Clerk
Date: 2/4/2020

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

Served By _____

Title _____

---

Summons ID: 221278515719108@00000064780
CIRCUIT: 20-CI-00055 Certified Mail
COBLE, APRIL VS. PRUDENTIAL INSURANCE AGENCY, LLC



Page 1 of 1

 eFiled

Package: 000002 of 000008    Presiding Judge: HON. TIM R. COLEMAN (638371)    Package : 000002 of 000008

Shannon Kirtley, Ohio Circuit Clerk
P.O. Box 67
Hartford, KY 42347-0067

CT CORPORATION SYSTEM
306 W. MAIN ST
SUITE 512
FRANKFORT, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 20-CI-00055

Envelope Number: 2212785

Package Retrieval Number: 221278515719108@00000064780

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.50

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

COMMONWEALTH OF KENTUCKY
OHIO CIRCUIT COURT
DIVISION I
CASE NO. 20-CI-00055
=====Electronically Filed====

**APRIL COBLE**                                                              **PLAINTIFF**

v.                                        **COMPLAINT**

**PRUDENTIAL INSURANCE
AGENCY, LLC**                                                                **DEFENDANT**

Serve:    CT Corporation System
          306 W. Main St.
          Suite 512
          Frankfort, KY 40601

    Plaintiff, April Coble, for her cause of action against the Defendant, Prudential Insurance Agency, LLC ("Prudential"), states as follows:

    1.    Plaintiff, April Coble, is a resident of Ohio County with a residence of 1905 State Route 155 South, Horse Branch, KY 42349.

    2.    Defendant, Prudential, is a corporation organized under the laws of the state of New Jersey, with a principle place of business at 213 Washington Street, 17th Floor, Newark, New Jersey 07102-2917 and a registered agent at CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

    3.    Plaintiff became a full-time employee of Perdue on or around June 1997 for seventeen (17) years. Plaintiff worked as a flock advisor as of her last date worked on or about June 19, 2014.

    4.    Beginning no later than October 27, 2014 and continuing to, at least, June 19, 2014, Plaintiff's disability date, Prudential was the insurer on a group long-term

1

disability ("LTD") insurance plan that Perdue extended as an employee benefit to, at least, certain of its employees.

5. Plaintiff was a participant in the group long-term disability plan.

6. Plaintiff began suffering from a serious illness and disease which is permanent in nature and rendered her unable to perform each of the material duties of her regular occupation and has disabled her from performing each of the material duties of any gainful occupation, namely said condition/disease being fibromyalgia, hepatitis C, chronic pain syndrome, depression and a history of Hodgkin's Lymphoma from at least June 6, 2013, continuing and through the current date. Prior to said date, due to Plaintiff's condition, Plaintiff had been experiencing a number of reported difficulties and dysfunctions at work while undertaking her responsibilities, and she was unable to sustain gainful employment.

7. Plaintiff applied for and received benefits related to the initial injury, but for this new or subsequent claim her LTD benefits were terminated on October 1, 2017, but by letter dated December 20, 2017.

8. Plaintiff completed and submitted to Prudential a form application for Long Term benefits dated October 27, 2014. Plaintiff had and has alleged the date of onset of her disability commencing on June 19, 2014.

9. Prudential terminated Plaintiff's claim for LTD benefits by letter dated April 7, 2017 finding that she was disabled until September 30, 2017, but not a day later on October 1, 2017. Plaintiff appealed this termination on June 15, 2018 and again on March 8, 2019.

10. Prudential again denied Plaintiff's claim for LTD benefits by letter dated April 15, 2019 primarily relying upon an IME hired and paid by Defendant and performed on June 1, 2016.

11. Prudential, by letter dated April 30, 2019, requested an overpayment on Plaintiff's past benefits from the period leading up to September 30, 2017.

12. Prudential, by the letter dated May 29, 2019 rejected, as insufficient, the medical evidence supplied by Plaintiff in support of her claim, and denied Plaintiff's claim for LTD benefits. Prudential, by letter dated June 19, 2019, rejected Plaintiff's fourth appeal claiming that continued to request an overpayment of benefits.

13. Prudential, by letter dated May 29, 2019, not only rejected Plaintiff's continued benefits despite the fact that no improvement has been marked in any medical records, but again requested overpayment due to the failure in reduction allegedly given for Plaintiff's Social Security Disability Benefits. Prudential, by letter dated June 19, 2019, rejected Plaintiff's fourth appeal and continued to claim an overpayment of benefits.

14. Prudential, by letter dated July 10, 2019, lastly requested an overpayment totaling approximately $37,619.39 and failed to recognize the request for benefits.

### COUNT I – ERISA

15. Plaintiff adopts, for purposes of this count of the Complaint, paragraph 1 through 14.

16. The group long-term disability plan involved in this action was covered by and subject to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et. seq*.

3

17. Plaintiff has not engaged in employment and has not been capable of employment since June 19, 2014. Plaintiff is entitled to LTD benefits under the Prudential policy and such benefits have been erroneously denied by Prudential.

18. Prudential, in its denial of Plaintiff's claim for benefits, has failed to comply with its own policy and with the requirements of 29 U.S.C. § 1133.

19. Plaintiff is entitled (i) to judgment pursuant to 29 U.S.C. § 1132 for benefits that have been arbitrarily and capriciously denied, (ii) her attorney fees and costs, pursuant to 29 U.S.C. § 1332, (iii) prejudgment interest on the amounts that have been erroneously denied, and (iv) any and all further relief under 29 U.S.C. § 1001, *et seq*.

## COUNT II – BREACH OF CONTRACT

20. Plaintiff adopts, for the purpose of this count of the Complaint, paragraph 1 through 19.

21. Prudential has breached the terms of the group long-term disability insurance policy by its erroneous denial of benefits to Plaintiff.

22. Plaintiff is entitled to (i) a judgement for damages for Prudential's breach of contract, (ii) her attorney fees and costs herein and (iii) any and all further relief available for such breach of contract.

## COUNT III – IMPROPER OVERPAYMENT CLAIM

23. Plaintiff adopts, for the purpose of this count of the Complaint, paragraph 1 through 22.

24. Prudential's claim against Plaintiff for an overpayment of its benefits due to the Plaintiff's receipt of social security disability benefits is improper under the law,

4

specifically pursuant to *Montanile v. Board of Trustees Natl.* Elevator, 136 S. Ct. 651 (2016).

25. *Montanile* sets forth that a plan administrator cannot recover monies from a plan participant if the disabled person or claimant utilized the LTD payments received for living expenses, and these monies were not held in an identifiable fund. In this situation, the overpayment that requires reimbursement did not occur.

26. Plaintiff utilized the monies from Prudential under the LTD policy for her living expenses. Said funds are not held in an identifiable fund as they were used for her ongoing living expenses therefore they are not subject to reimbursement.

27. Any funds Prudential would presently be seeking would be from Plaintiff's social security disability benefits. Social Security monies are not subject to levy or attachment. 42 U.S.C. § 407.

28. Therefore, the efforts by Prudential seeking reimbursement is improper pursuant to *Montanile* and 42 U.S.C. § 407.

WHEREFORE, Plaintiff requests judgement, in excess of the jurisdictional requirements of this court, against Defendant for each form of relief available under each of the two counts set forth above and as follows:

A. A declaration of this Court that April Coble became disabled under the terms of the plan beginning June 19, 2014 and continues to be disabled under the Terms of the plan today;

B. An award of past-due benefits in the amount owed to Plaintiff from the date benefits were terminated through the date of judgment, together with interest

5

at an appropriate rate on each monthly payment from the date it was due until the date it is paid;

C. A declaration of this Court that the overpayment currently being sought by Prudential is improper pursuant to both *Montanile* and 42 U.S.C. § 407;

D. For reasonable attorney's fees incurred in this action; and

E. For such other relief as this Court deems just and proper.

This 4th day of February, 2020.

                                    RHOADS & RHOADS, P.S.C.

                                    /s/Sara M. Diaz
                                    Sara Martin Diaz, Esq.
                                    Christopher L. Rhoads, Esq.
                                    115 E. 2nd St., Suite 100
                                    P.O. Box 2023
                                    Owensboro, KY  42302-2023
                                    (270) 683-4600
                                    (270) 683-1653 (fax)
                                    COUNSEL FOR PLAINTIFF